James K. Schultz, Esq.
Nevada Bar No. 10219
Sessions, Fishman, Nathan & Israel, LLP
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Telephone: (619) 758-1891
Facsimile: (619) 296-2013
E-mail jschultz@sessions.legal

Shannon G. Splaine, Esq. (NV Bar No. 8241)
LINCOLN, GUSTAFSON & CERCOS, L.L.P.
3960 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Telephone: (702) 257-1997
ssplaine@lgclawoffice.com
*Attorneys for Defendant Credit One Bank, N.A.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ISRAEL GARCIA, JR., | Case No: 2:18-cv-00191-JCM-GWF |
| Plaintiff, | |
| vs. | STIPULATED PROTECTIVE ORDER |
| CREDIT ONE BANK, N.A., | Complaint filed: February 2, 2018 |
| Defendant. | |

IT IS HEREBY STIPULATED by and between Plaintiff Israel Garcia, Jr. ("Plaintiff") and Defendant Credit One Bank, N.A. ("Credit One"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendant.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosures of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. A party wishing to file any document designed as "Confidential" must notify the designating party at least seven days prior to filing the designed document. The designating party must then make a good faith determination if the relevant standard for sealing is met. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). To the extent the designating party does not believe the relevant standard

for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record. Counsel shall comply with the requirements of Local Rule 10-5(b) in connection with filing documents under seal.

      4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential," shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

      5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses

any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers: (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

  6. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

  7. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described

above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8.   Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

9.   This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10.   Within sixty (60) days after the final termination of this litigation, all documents; transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

11.   In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rule 26-7.  If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court.  During the pendency of the challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

13. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: August 16, 2018

*/s/ Craig K. Perry*
Craig K. Perry, Esq.
(NV Bar No. 3786)
CRAIG K. PERRY & ASSOCIATES
8010 W. Sahara Ave., Suite 260,
Las Vegas, Nevada 89117
Telephone (702) 228-4777
cperry@craigperry.com

Attorneys for Plaintiff Israel Garcia, Jr.

*/s/James K. Schultz*
James K. Schultz, Esq.
(NV Bar No. 10219)
SESSIONS, FISHMAN, NATHAN & ISRAEL
1545 Hotel Circle South
Suite 150
San Diego, CA 92108
Telephone: (619) 758-1891
jschultz@sessions.legal


Shannon G. Splaine, Esq.
(NV Bar No. 8241)
LINCOLN, GUSTAFSON & CERCOS, L.L.P.
3960 Howard Hughes Parkway
Suite 200
Las Vegas, NV 89169
Telephone: (702) 257-1997
ssplaine@lgclawoffice.com

Attorneys for Defendant,
Credit One Bank, N.A.

## **ORDER**

IT IS SO ORDERED:

_____
HON. JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

DATED: _____

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 2017.

5. I have carefully read and understand the provisions of this Stipulation Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated

Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

      Executed this_____day of _____, 20__ at _____.

                                              _____
                                                      Qualified Person