UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ISRAEL GARCIA, JR., | Case No. 2:18-CV-191 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| CREDIT ONE BANK, N.A., | |
| Defendant(s). | |

Presently before the court is defendant Credit One Bank, N.A.'s ("Credit One") motion for summary judgment. (ECF No. 48). Plaintiff Israel Garcia ("Garcia") filed a response (ECF No. 56), to which Credit One replied (ECF No. 60).

Also before the court is Credit One's motion to stay the case pending the Supreme Court's determination on the constitutionality of the Telephone Consumer Protection Act ("the TCPA"). (ECF No. 49). Garcia filed a response (ECF No. 56), to which Credit One replied (ECF No. 61).

Also before the court is Garcia's motion to exclude Credit One's rebuttal expert and report (ECF No. 50). Credit One filed a response (ECF No. 55), to which Garcia replied (ECF No. 57).

**I.   Background**

This action arises under 47 U.S.C. §227(b)(1), the TCPA. (ECF No. 48 at 1). Garcia alleges that between September 29, 2014, and October 16, 2014, Credit One called the number of a phone owned by him ("the '5589 number") 135 times. (ECF No. 49 at 4–5). One of Credit One's vendors was attempting to reach the previous owner of the '5589 number, who had provided it on a credit card application. (ECF No. 49 at 4).

**James C. Mahan**
**U.S. District Judge**

On or about October 10, 2014, Garcia mailed correspondence to Credit One asserting that Credit One no longer had permission to call the '5589 number. *Id.* at 4–5. Credit One did not call Garcia after October 16, 2014. *Id.* at 5–6.

Prior to submitting his letter, Garcia had never informed Credit One that he had not consented to receive calls from Credit One at the '5589 number. *Id.* at 5. Garcia asserts that he had tried but was not able to speak to a Credit One representative to stop the calls to the '5589 number. *Id.* at 5–6. Garcia acknowledges that he "[does] not believe" he stayed on the calls long enough to connect to a live person. (ECF No. 48, Garcia Dep. Ex. B at 113:25–114:3). The '5589 number is not Garcia's primary phone number. It is instead attached to a cell phone that Garcia claims to have purchased for his father but never furnished to him. (ECF No. 48, Garcia Dep. Ex. B at 28:10–29:25). In the past, Garcia has maintained several cell phones simultaneously and filed lawsuits under the TCPA. (ECF No. 48, Garcia Dep. Ex. B at 27:22–28:13; ECF No. 48 at 8). Garcia asserts that Credit One violated the TCPA by using a prohibited automatic telephone dialing system to contact him without his express consent. (ECF No. 4 at 1).

## II.     Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at

**James C. Mahan**
**U.S. District Judge**

- 2 -

trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

**III.  Discussion**

On July 6, 2020, the Supreme Court rendered a decision in *Barr v. American Association of Political Consultants*, the case which was the basis for Credit One's motion to stay. Accordingly, Credit One's motion to stay is denied as moot.

*A.  Constitutional Standing*

This court grants Credit One's motion for summary judgment. Under Article III, constitutional standing requires plaintiff to show that: (1) he suffered an injury-in-fact that is "concrete and particularized" and "actual or imminent" and not merely "conjectural or hypothetical;" (2) that there is a "causal connection between the injury and the conduct complained of;" and (3) that it is "likely" as opposed to "merely speculative" that a favorable decision by the court will provide redress for the injury. *Lujan*, 504 U.S. at 560–61.

This court's determination rests on the first *Lujan* factor. "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). While the injury-in-fact must be "concrete," this is not necessarily synonymous with "tangible." *Id.* at 1548. As the Court explained, "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1549.

Garcia alleges that his privacy and economic interests were violated by calls from Credit One. (ECF No. 4 at 5). However, it does not appear that he suffered from the harm that Congress intended the TCPA to address. *See In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. at 7979–80. "The intent of Congress, when it established the TCPA in 1991, was to protect consumers from the nuisance, invasion of privacy, cost, and inconvenience that

**James C. Mahan**
**U.S. District Judge**

- 4 -

autodialed and prerecorded calls generate." *Id.* Garcia's behavior suggests that he experienced no such injury. The undisputed material facts show that Garcia kept re-purchasing pre-paid phone minutes, apparently in order to keep receiving unwanted calls. (ECF No. 48, Garcia Dep. Ex. B at 62:2–24). By calling the '5589 number, Credit One was attempting to reach the number's previous owner, who had expressly consented to be contacted at the number when he filed an application for a credit card. (ECF No. 48 at 4). Payment on the credit card of the number's previous owner was in arrears, and Credit One was attempting to collect the debt owed. *Id.* Garcia previously worked as a debt collector and is familiar with the mechanics of a TCPA claim. (ECF No. 48, Garcia Dep. Ex. B at 16:8–22; 22:7–23:24; 25:11–27:1; 35:6–26). He knew that if he instructed Credit One at any time during one of these calls to cease calling him, Credit One would have likely complied. (ECF No. 48, Garcia Dep. Ex. B at 16:14–15; 22:7–25; 23:1–2). Instead of taking the steps necessary to stop the alleged injury (the unwanted calls), he took steps to allow the continuance of the injury while building a record to facilitate a later claim. (ECF No. 48, Garcia Dep. Ex. B at 72:1–25; 110:1–18).

The undisputed material facts support this court's conclusion that Garcia seeks to achieve a similar purpose to that of the plaintiff in *Stoops*, who filed TCPA actions as part of a scheme to generate revenue. *See Stoops*, 197 F. Supp. 3d at 798. He has not suffered an injury-in-fact. As a matter of law, Garcia therefore lacks constitutional standing to assert a claim as a defendant. *See id.* at 803.

### B. Prudential Standing

Even if, assuming arguendo, Garcia had suffered an injury-in-fact, he would still lack prudential standing to proceed with his claim. In order to satisfy prudential standing, a plaintiff's alleged injury must fall within "the zone of interest to be protected or regulated by the statute or constitutional guarantee in question." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 475 (1982). A court must therefore "determine, using traditional tools of statutory interpretation, whether a legislatively conferred cause of action encompasses a particular plaintiff's claim." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014). "In enacting the TCPA, Congress found that banning robocalls was

'the only effective means of protecting telephone consumers from' the nuisance and privacy invasion that they caused." *Barr v. American Association of Political Consultants, Inc.*, 2020 WL 3633780 (U.S. Jul. 6, 2020) (citing TCPA § 2, ¶12, 105 Stat. 2394).  As in *Stoops*, the court concludes that Garcia's interests "'are so marginally related to or inconsistent with the purposes implicit in the [TCPA] that it cannot reasonably be assumed that Congress intended to permit the suit.'"  *Stoops*, 197 F. Supp. 3d at 805 (citing *Chem Serv., Inc. v. Envtl. Monitoring Sys. Lab.-Cincinnati*, 12 F.3d 1256, 1262 (3d Cir. 1993) (quoting *Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 399 (1987)).  Because Garcia does not have the sort of interest in privacy that Congress intended to protect through the TCPA, the court finds that his claim does not fall within the zone of interest necessary to establish prudential jurisdiction.

For the foregoing reasons, plaintiff has not established that he has constitutional or prudential standing to assert his claim against defendant.  Accordingly, the court grants defendant's motion for summary judgment.

### C.  Motion to Exclude Rebuttal Expert and Report

As the court grants defendant's motion for summary judgment and dismisses this action, Garcia's motion to exclude Credit One's rebuttal expert and report is denied as moot.  In making its determination on standing, this court did not rely on the expert rebuttal and report to reach its conclusion.

## IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Credit One's motion for summary judgment (ECF No. 48) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Credit One's motion to stay the case (ECF No. 49) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff Garcia's motion to exclude Credit One's rebuttal expert and report (ECF No. 50) be, and the same hereby is, DENIED as moot.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1   The clerk is ordered to close the case accordingly.

2   DATED July 31, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -